**Eversheds Sutherland (US) LLP**
1114 Avenue of the Americas, 40th Floor
New York, NY  10036-7703

D: +1 212.389.5076
F: +1 212.389.5099

ronzdrojeski@
eversheds-sutherland.com

April 12, 2023

**Via ECF**
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square, Court Room 1106
New York, New York 10007

**Re:**   *Gallagher et al v. National Restaurant Association Solutions, LLC et al*, Case No. 1:23-cv-00435 – Pre-Motion Letter for Motion to Stay or Dismiss Action and Compel Arbitration

Dear Judge Schofield:

      We represent Defendants National Restaurant Association Solutions, LLC ("Solutions") and National Restaurant Association d/b/a ServSafe ("ServSafe") (collectively "Defendants") in the above referenced matter. We write in accordance with Your Honor's Individual Rules of Practice and the Court's Order, (ECF No. 15), to request a pre-motion conference. Defendants seek leave to move the Court for an Order: (1) dismissing the instant action or staying the action pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"); and (2) compelling arbitration of claims asserted in Plaintiffs' Amended Complaint (ECF No. 12). The basis for the anticipated motion are that: (1) it is Defendants' current belief that Plaintiffs agreed to a valid and enforceable arbitration clause through Defendants' website terms of use and/or terms of sale; and (2) Plaintiffs' claims fall within the scope of the arbitration provision.[1]

      Defendant Solutions is a wholly owned subsidiary of the National Restaurant Association, which is an IRS 501(c)(6) trade association representing hundreds of thousands restaurant locations. Named Defendant ServSafe is actually a brand of the business conducted by Solutions that offers courses and certifications for, among other things, Food Handler and Food Manager training. Plaintiffs bring this putative consumer class action based on the allegation that Defendants use portions of the proceeds from ServSafe courses to fund lobbying efforts related to keeping restaurant workers' wages from increasing. Plaintiffs allege violations of New York General Business Law § 349 (Count I); violations of New York and California common law fraud and material

---

[1] Subject to approval by the court, we suggest the following briefing schedule: (1) motion to stay or dismiss case and compel arbitration due May 8, 2023; (2) opposition to motion due 30 days after on June 7, 2023; and (3) reply in support of motion due 21 days after opposition is filed. Defendants further suggest a conference date of April 24, 2023.

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under Eversheds Sutherland.  For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

omissions (Count II); violations of state consumer protection statutes (Count III); violations of the California Consumer Legal Remedies Act (Count IV); violations of various state consumer protection statutes (Count V); and violations of New York and California's common law unjust enrichment (Count VI).

At all times relevant to Plaintiffs' complaint, as a prerequisite to creating an account necessary to take a ServSafe course, there was a clause in the terms of use which in substantial and material part provided:

> At Company's sole discretion, it may require You to submit any disputes arising from the use of these Terms of Use or the Website, including disputes arising from or concerning their interpretation, violation, invalidity, non-performance, or termination, to final and binding arbitration under the Rules of Arbitration of the American Arbitration Association applying State of Illinois law.

*See* https://www.servsafe.com/Terms-of-Use

Similarly, at all times relevant to Plaintiffs' complaint, as a prerequisite to taking a ServSafe Food Handler or Manager course, there was a clause in the terms of sale which in substantial and material part provided:

> At our sole discretion, we may require you to submit any disputes arising from these Terms of Sale, including disputes arising from or concerning their interpretation, violation, invalidity, non-performance, or termination, to final and binding arbitration under the Rules of Arbitration of the American Arbitration Association applying State of Illinois law.

*See* https://www.servsafe.com/Terms-of-Sale

While Defendants' investigation is ongoing, it is Defendants' current belief that the terms of use and terms of sale have been substantially the same at all times relevant to the Named Plaintiffs. Defense counsel advised counsel for Plaintiffs both verbally and in writing of the existence of the arbitration clauses and provided the above hyperlinks to the agreements. Defendants requested that Plaintiffs withdraw their complaint and move to arbitration in Illinois. To date, Plaintiffs have not done so.

The FAA applies to any agreement affecting interstate or foreign commerce. *See* 9 U.S.C. §§ 1-3. Under the FAA, courts must compel arbitration, and stay pending proceedings, where: (1) an agreement to arbitrate exists between the parties; and (2) the plaintiff's claims fall within the scope of that arbitration agreement. *See Hidalgo v. Amateur Athletic Union of the U.S., Inc.*, 468 F. Supp. 3d 646, 653 (S.D.N.Y. 2020); *see also* 9 U.S.C. §§ 3, 4. This is precisely the situation in the instant case.

This Court should enforce the agreements and give effect to its terms. *See, e.g.*, *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 75 (2d Cir. 2017) ("[I]n the context of web-based contracts . . . clarity and conspicuousness are a function of the design and content of the

relevant interface."). ServSafe's terms of use and terms of sale were prominently displayed when creating a SafeServ account or taking a ServSafe course throughout the relevant period for all Named Plaintiffs.

A court must dismiss or stay a judicial action or proceeding if it is satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the action or proceeding. *See Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 62 (2d Cir. 2012); 9 U.S.C. § 3; *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 75-76 (2d Cir. 1998) (identifying steps in determining whether a judicial action must be stayed pending arbitration).

Thus, pursuant to Your Honor's Individual Rules and the Court's Order, (ECF No. 15), we request leave to file a motion to compel arbitration and request a pre-motion conference on this matter.

We thank the Court for its attention to this matter.

                           Respectfully submitted,

                           */s/ Ronald W. Zdrojeski*
                           Ronald W. Zdrojeski

                           *Counsel for Defendants*

cc:      All Counsel of Record (via ECF)

EVERSHEDS SUTHERLAND